**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 25-10273
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

FRITZ LAFONTANTE,
a.k.a. Guy,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:97-cr-06007-RNS-6

_____

Before JILL PRYOR, BRASHER, and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Fritz Lafontante, proceeding pro se, appeals the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  He argues that the district court abused its discretion in denying his motion because his medical conditions and age-based health deterioration constituted extraordinary and compelling reasons for his release, the 18 U.S.C. § 3553(a) factors weighed in favor of his release, and he did not pose a danger to the community.[1]  After careful review, we affirm.[2]

## I.

"We review de novo whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)."  *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021).  "After eligibility is established, we review a district court's denial of a prisoner's

---

[1] The district court also denied Lafontante's motion for appointment of counsel, but Lafontante has forfeited any challenge to this ruling by failing to raise it in his opening brief. *See United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (en banc).

[2] After Lafontante filed his opening brief, the government moved for summary affirmance, arguing that the district court properly determined that Lafontante remained a danger to the community, that the § 3553(a) factors weighed against early release, and that he had not shown extraordinary and compelling reasons for his release.  We granted the motion in part and denied it in part, finding that, while the government was clearly right as a matter of law that Lafontante had forfeited any challenge to the denial of his motion for reconsideration and that his family hardship argument did not justify disturbing the court's order, the government was not clearly right as a matter of law that the district court did not abuse its discretion in denying Lafontante's motion for compassionate release.

§ 3582(c)(1)(A) motion for abuse of discretion." *Id*. A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making its determination, makes clearly erroneous factual findings, or commits a clear error of judgment. *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc).

## II.

A court may generally not modify a sentence once it has been imposed except under certain circumstances. *See* 18 U.S.C. § 3582(c); *United States v. Harris*, 989 F.3d 908, 912 (11th Cir. 2021). Either the Bureau of Prisons or a defendant who has exhausted administrative remedies may move the court to reduce a term of imprisonment based on compassionate release. 18 U.S.C. § 3582(c). A district court may reduce a term of imprisonment under § 3582(c)(1)(A) if: (1) the § 3553(a) sentencing factors favor doing so; (2) there are "extraordinary and compelling reasons" for doing so; (3) doing so would not endanger any person or the community within the meaning of 18 U.S.C. § 4142(g); and (4) a reduction is consistent with the applicable Sentencing Commission policy statements. *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (per curiam). If the district court finds against the movant on any one of these requirements, it cannot grant relief and need not analyze the other requirements. *See id*.

As an initial matter, Lafontante argues that his medical conditions and age-based health deterioration constituted extraordinary and compelling reasons for his release,[3] and he did not pose a danger to the community.  But we need not address those arguments.  As explained below, Lafontante has not shown that the district court abused its discretion in denying his request for compassionate release because the § 3553 factors did not support the request.

The § 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the crime, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, and protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a).  The district court need not address each of the § 3553(a) factors or all mitigating evidence.  *Tinker*, 14 F.4th at 1241.  Instead, an acknowledgment that the court considered all applicable § 3553(a) factors

---

[3] Though unnecessary to resolve the instant appeal, the district court's "extraordinary and compelling reasons" analysis was likely deficient.  While the district court adequately explained why Lafontante did not meet the medical-condition criteria under U.S.S.G. § 1B1.13(b)(1)(A), it altogether failed to address whether Lafontante met the age-based criteria under § 1B1.13(b)(2).  The district court should have liberally construed Lafontante's motion and attachment, in which he asserted an argument under § 1B1.13(b)(2) and met the requirements for that provision.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).  The text of U.S.S.G. § 1B1.13(b)(1)-(2) suggests that the district court should address if the defendant is eligible for either provision when claiming eligibility under both provisions.

and the parties' arguments along with "enough analysis that meaningful appellate review of the factors' application can take place" is sufficient. *Id.* at 1240–41 (citation modified). The weight given to any § 3553(a) factor is left to the discretion of the district court. *Id.*

Here, the district court appropriately considered the § 3553 factors. The court considered the seriousness of Lafontante's drug trafficking offense, his status as a fugitive for over ten years, and his pending deportation to Haiti, where his connections to drug trafficking organizations might allow him to commit further crimes. Thus, the court did not abuse its considerable discretion because it reasonably found that the need for his sentence to reflect the seriousness of his offense, to provide adequate deterrence, and to promote respect for the law, weighed against Lafontante's medical conditions and rehabilitative efforts. Thus, the court properly found that a sentence reduction was not appropriate.

**AFFIRMED.**